IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNZER DAJANI, individually and behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>DELL INC.,<br><br>        Defendant.<br>_____/ | No. C 08-5285 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |

On June 12, 2009, the Court held a hearing on defendant's motion to dismiss plaintiff's amended complaint. Having considered the arguments of the parties and the papers submitted, the Court hereby GRANTS defendant's motion to dismiss the complaint without leave to amend.

**BACKGROUND**

Plaintiff Munzer Dajani filed this class action against Dell, Inc. alleging that Dell fraudulently markets its "Ink Management System," a technology feature on all Dell inkjet printers which purports to display ink levels on the status window during every print job. Am. Compl. ¶ 2. The feature proactively prompts users to order replacement cartridges directly from Dell. *Id.* Plaintiff alleges that the Ink Management System is highly imprecise and inaccurate, and that the Ink Management System is "designed to deceive customers into replacing what they believe to be nearly empty cartridges, which in fact contain a substantial amount of usable ink." *Id.* ¶ 3. Plaintiff seeks to represent a class of "all individuals and entities in California who own or have owned Dell inkjet printers." *Id.* ¶ 43. The Court previously dismissed claims brought by plaintiff under California statutory and common law and

1  directed plaintiff to bring allegations under Texas law as required by the terms and conditions of the
2  parties' sales agreement. That order did not reach defendant's arguments that the plaintiff's complaint
3  was insufficiently pled.

4  The amended complaint states one claim under Tex. Bus. & Com. Code § 2.314 for breach of
5  implied warranty of merchantability and one claim of unjust enrichment under Texas law. Defendant
6  moves to dismiss both of these claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

2

## DISCUSSION

**I.  Breach of Implied Warranty of Merchantability**

Plaintiff alleges that defendant's inkjet printers and cartridges are not of merchantable quality because they a) are not of the same or greater quality as is generally accepted for such products, b) do not pass without objection under the promises and affirmations made by Dell, and c) are not fit for their intended and ordinary purposes. Am. Compl. ¶¶ 58, 59. These allegations constitute a blending of Tex. Bus. & Com. Code § 2.314(b)(1), § 2.314(b)(3) and § 2.314(b)(6).[1] However, the gravamen of the amended complaint remains the numerous allegations that the Ink Management System is highly imprecise and inaccurate, and that such inaccuracy makes the Ink Management System unfit for its "intended and ordinary" purpose of measuring the amount of ink left in the ink cartridge. Am. Compl. ¶¶ 60, 63.

Under Texas law, for goods to breach the implied warranty of merchantability, they must be defective, i.e. they must be "unfit for the ordinary purposes for which they are used because of a lack of something necessary for adequacy." *General Motors Corp. v. Brewer*, 966 S.W.2d 56, 57 (Tex. 1998) (citing *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 443-44 (Tex. 1989)). In *Brewer*, the plaintiff alleged that the defendant's automatic seat belt system could not be used unless the user manually attached and detached the belt, thus failing to perform its ordinary purpose of being an automatic system. *Id.* at 56. The Texas Supreme Court dismissed the claim because plaintiff did not allege that the system failed to restrain. *Id.* at 57 ("Here, the product merely fails to fulfill the precise expectations of the consumer because the product is more cumbersome to use than anticipated. A product which performs its ordinary function adequately does not breach the implied warranty of merchantability merely because it does not function as well as the buyer would like or even as well as it could.").

Defendant also cites *In re Air Bag Products Liab. Litig.*, where the court dismissed plaintiff's

---

[1] Section 2.314(b) states: "Goods to be merchantable must be at least such as (1) pass without objection in the trade under the contract . . . (3) are fit for the ordinary purposes for which such goods are used . . . and (6) conform to the promises or affirmations of fact made on the container or label, if any." Tex. Bus. & Com. Code Ann. § 2.314(b) (Vernon 2009).

3

claim that the use of minivans was made more cumbersome by air bag defects because the complaint did not allege that the minivans no longer served their ordinary purpose of transportation. 7 F. Supp. 2d 792, 803 (E.D. La. 1998) (interpreting Texas law). *Cf. Sipes v. General Motors Corp.*, 946 S.W.2d 143, 158 (Tex. App. 1997) (allowing a claim where the allegation was that "the *airbag system* failed to restrain as it was designed to do and thus was not fit for the ordinary purpose for which such a product is to be used.") (emphasis added).

Defendant relies on *Brewer* and *Air Bag Products* to argue that plaintiff's claims are insufficient because the ordinary use of the defendant's product is printing, not measuring ink, and any imprecision in the Ink Management System has no impact on that function. Plaintiff has not claimed that any defect in the Ink Management System has rendered his printer unfit for actual printing and at oral argument plaintiff's counsel affirmed that there is no such impact. Instead, plaintiff alleges that the purpose of the Ink Management System is to monitor the ink level remaining in ink cartridges, and that it is unfit for that purpose. Am. Compl. ¶ 60, 63.

Documents attached to the amended complaint state that the purpose of Ink Management System is to "simplify the supplies purchasing process by displaying ink or toner levels on the status window during every print job and proactively [prompt] users to order replacement cartridges directly from Dell."[2] *See id.*, Ex. B. There is no allegation that the Ink Management System fails to accomplish that purpose. At most, plaintiff has alleged that the use of the Ink Management System is cumbersome because of allegedly premature replacement prompts.

Moreover, plaintiff has alleged that upon receiving "low ink" warnings, he removed and discarded his ink cartridge and replaced it with a new one. *Id*. ¶¶ 32-34. This allegation was also affirmed by plaintiff's counsel at oral argument. These actions are plainly at odds with the product's instruction manual which states that a "Low Ink Warning" appears when ink cartridges are low, and that

---

[2] If a complaint is accompanied by attached documents, these documents may be considered in determining whether plaintiff can prove any set of facts in support of the claim. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

4

a "Reserve Tank" window appears when they are empty.[3]  Am. Compl., Exhibit F at 7.  Under these alleged facts, there can be no claim under Texas law as stated in *Brewer* that the Ink Management System failed to perform its function and thereby breached the implied warranty of merchantability.

## II.     Unjust Enrichment

Defendant moves to dismiss plaintiff's unjust enrichment claim on the grounds that Texas law bars a claim for unjust enrichment where there exists a binding agreement that covers the subject matter of the claim.  Plaintiff responds only that he is permitted to state an unjust enrichment claim in the alternative to a breach of warranty claim.

Under Texas law, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a theory of unjust enrichment.  *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) ("[P]arties should be bound by their express agreements.  When a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement.").  Plaintiff urges the Court to follow Judge Whyte's decision in *Brazil v. Dell, Inc.*, No. 07-1700-RMW, 2008 WL 4912050  (N.D. Cal. Nov. 14, 2008).  In *Brazil*, Judge Whyte cited *Mobil Producing Texas & New Mexico, Inc. v. Cantor*, 93 S.W.3d 916, 919-920 (Tex. App. 2002), for the proposition that unjust enrichment can be pled in the alternative to a breach of contract claim.  *Brazil*, 2008 WL 4912050, at *6.  However, the allegations in *Mobil* concerned the overpayment of revenues under a contract, *Mobil*, 93 S.W.3d at 918, and allegations of overpayment are recognized as an exception to the rule laid down in *Fortune*.  *See Fortune*, 52 S.W.3d at 684 (citing *Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467, 469-70 (Tex. 1998)).  Likewise, in *Brazil* the allegations concerned both overpayment and fraud, which would invalidate an otherwise governing contract.

---

[3] Plaintiff's allegations also raise serious questions about damages.  The Court would not normally consider causation of damages as an issue appropriately decided at the pleading stage.  However, plaintiff's damage theory is that he was forced to buy unnecessary ink cartridges, because he ordered a new one and discarded the old, not-yet-empty one as soon as the "Low Ink Warning" appeared.  This is not only contrary to the instructions in the users' manual, but makes little sense.  As long as there was usable ink in the cartridges, they would print; why plaintiff discarded them is unexplained.  There would be no reason to anticipate similar conduct on the part of all absent class members.

*Brazil*, 2008 WL 4912050, at *6. Here, plaintiff does not allege overpayment and, as stated above, plaintiff's contention that defendant "deceived" him into replacing his ink cartridge is contradicted by documents attached to his own complaint.

This Court examined the contract that governs this dispute when it directed the plaintiff to bring his claims under Texas law. *See* March 29, 2009 Order Granting Defendant's Motion to Dismiss. There was no contention then, nor is there now, that the contract was anything other than a valid, express contract governing plaintiff's purchases of defendant's products.[4] Therefore, under Texas law as stated in *Fortune*, plaintiff's claim for unjust enrichment is barred.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss plaintiff's complaint. Dkt. No. 53. Because plaintiff cannot cure the defects mentioned above through the pleading of additional facts which do not contradict those already made, plaintiff's complaint is dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: June 25, 2009

SUSAN ILLSTON
United States District Judge

---

[4] Plaintiff alleges that the arbitration clause included in the terms and conditions is unconscionable under California law, but does not otherwise challenge the sales agreement. Am. Compl. ¶¶ 35-38.